UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANFORD WILLIAMS, JR.,[1] | ) | CIVIL ACTION NO. 1:19-CV-01008 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | (ARBUCKLE, M.J.) |
| | ) | |
| KEVIN WINTER, | ) | |
| Defendant | | |

MEMORANDUM OPINION

I.  INTRODUCTION

Plaintiff Sanford Williams, Jr. ("Williams") initiated this civil rights suit on June 14, 2019, by filing his Complaint (Doc. 1). Williams alleges that Defendant Kevin Winter ("Winter"), a police officer, violated his constitutional rights during an investigation of a reported theft at a Walmart. Presently before the Court is Winter's Motion to Dismiss (Doc. 20). The parties have consented to proceed before me (Doc. 33). The Motion is now ripe for disposition. For the reasons below, I conclude that Officer Winter's Motion should be granted, and Mr. Williams' claims should be dismissed without leave to amend.

Mr. Williams is put on notice that this dismissal qualifies as a "strike" under the "three strikes rule" set out in 28 U.S.C. § 1915(g) governing proceedings *in forma pauperis* (IFP). That statute prevents a prisoner filing a civil action or appeal

---

[1] According to the ECF Docket, Williams' name is "Sandford." However, Williams signs each document and the Prisoner Trust Fund Account Statement identifies him as "Sanford." I will use the corrected spelling of Williams' first name.

from proceeding IFP, if the prisoner has "three strikes" – unless the prisoner is "under imminent danger of serious physical injury." A prisoner that has accrued "three strikes" must pay the filing fee in full when a new civil complaint or civil appeal is filed.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, Williams and a friend, Candy Mincy, went shopping at the Walmart in Silver Spring Township (Mechanicsburg, PA) on March 21, 2019. (Doc. 1, p. 3). Candy Mincy offered to pay Williams if he would take her shopping. *Id.* Candy Mincy is a handicapped individual and needed a wheelchair to do her shopping. *Id.* at p. 4. After Candy Mincy finished her shopping, Williams left her in the shopping area with the expectation that she would proceed to a checkout counter to pay for her items. *Id.* Williams went by himself into McDonalds.[2] *Id.* Instead of checking out, Candy Mincy pushed her cart of items past the checkout counters and into the McDonalds without paying for her items. *Id.* Ultimately, Candy Mincy pushed the cart out of the McDonalds and left the store. *Id.* Williams alleges that he was unaware of Candy Mincy's intent to not pay for the items. *Id.*

As she exited the store, Walmart employees approached Candy Mincy regarding the unpaid items. *Id.* The Walmart employees did not approach Williams.

---

[2] I presume, based on Williams' description of the facts, that the McDonalds is located inside the Walmart.

*Id.* at p. 5. Candy Mincy left the cart behind and both she and Williams got into Williams' car. *Id.* Candy Mincy asked Williams to take her home because she was not feeling well. *Id.* The two left the premises. *Id.*

After Williams and Candy Mincy left Walmart, Officer Butler pulled over their vehicle. *Id.* Officer Winter drove to the traffic stop. *Id.* After Officer Corbin Fuller[3], from Walmart, identified Williams and Candy Mincy as the shoplifters, Officer Winter arrested them for the alleged retail theft.[4] *Id.* at p. 6.

Williams filed his Complaint (Doc. 1) on June 14, 2019. Williams named Officer Kevin Winter as the sole defendant. *Id.* at pp 1-2. Williams alleges that Officer Winter's investigation of Williams regarding the alleged retail theft was improper and negligent, because it was based on hearsay and false information. *Id.* at pp. 6-7. Williams alleges that Winter took the law into his own hands and arrested Williams without probable cause. *Id.* at p. 6. As relief, Williams seeks monetary damages in the amount of $150,000. *Id.* at p. 8.

On January 6, 2020, Winter filed a Motion to Dismiss (Doc. 20). On January 10, 2020, Winter filed a Brief in Support (Doc. 21). On February 3, 2020, Williams

---

[3] I also presume that Officer Fuller is a security officer for Walmart. The parties do not specifically state what Fuller's job is at Walmart; they merely state that he works at Walmart and identify him as an "officer."

[4] According to Williams' criminal docket in Cumberland county (CP-21-CR-0000982-2019), Williams was charged with retail theft and conspiracy to commit retail theft. Williams pled guilty to the conspiracy charge. Williams' criminal docket is available at https://ujsportal.pacourts.us/DocketSheets/CP.aspx.

filed two documents titled "Brief in Opposition" (Doc. 26, Doc. 27) and on February 6, 2020, Williams filed a "Supplement" (Doc. 30) to his Brief in Opposition.[5] I construe these documents together as one brief in opposition.

I note that Williams responded to Winter's Motion to Dismiss by filing his Brief in Opposition and a Motion to Amend his Complaint (Doc. 25). To clarify any confusion, I granted Williams leave to file an amended complaint and advised him that failure to do so would result in a ruling on Winter's Motion to Dismiss as already briefed. Williams' amended complaint was due on or before April 9, 2020.

Instead, Plaintiff filed two supplements. (Docs. 39, 40). One of the supplements includes: (1) a police report created by Winter, including Officer Butler's summary of the facts of the traffic stop, and (2) the text of the Pennsylvania criminal statute for Retail Theft (18 Pa.C.S.A § 3929). (Doc. 39). The other supplement is a number of documents: (1) a discovery motion in a similar state criminal case where Williams is charged with retail theft in Adams County, (2) the police criminal complaint against Williams for retail theft in Cumberland County, (3) a list of the "officers involved" in Williams' arrest in Cumberland County, and (4) the criminal information from Williams' state criminal case in Cumberland County. (Doc. 40).

---

[5] The Supplemental document (Doc. 30) is clearly the rest of Williams' Brief in Opposition (Doc. 27). The Brief in Opposition (Doc. 27) contains pages 1, 2, and 8-21. The Supplemental document (Doc. 30) contains pages 3-7.

On March 4, 2020, Williams filed a Motion to Amend Complaint (Doc. 35). In that Motion, Williams attempted to add an additional defendant and provided a brief recitation of the facts. Williams also filed an exhibit (Doc. 36) and a Reply Brief (Doc. 37). On March 6, 2020, I denied Williams' Motion to Amend Complaint. (Doc. 38). In that Order, I explained to Williams that the Court had already granted him leave to file an amended complaint on or before April 9, 2020. *Id.* Further, I explained that an amended complaint must be complete in all respects and that an amended complaint will completely replace the original complaint. *Id.* At this time, Williams has not filed an amended complaint and no additional defendant has been added.

III.   LEGAL STANDARD

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. 12(b)(6). When reviewing a motion to dismiss, the court "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In reviewing a motion to dismiss, a court must "consider only the complaint, exhibits attached to the complaint, matters

of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

In deciding whether a complaint fails to state a claim upon which relief can be granted, the court is required to accept as true all factual allegations in the complaint as well as all reasonable inferences that can be drawn from the complaint. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). These allegations and inferences are to be construed in the light most favorable to the plaintiff. *Id.* However, the court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Further, it is not proper to "assume that [the plaintiff] can prove facts that [he] has not alleged . . . ." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following the rule announced in *Ashcroft v. Iqbal*, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a complaint must recite enough factual allegations to raise the plaintiff's claimed right to relief beyond the level of mere speculation. *Id.* To determine the sufficiency of a complaint under the pleading regime established by the Supreme Court, the court must engage in a three-step analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 675, 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief" and instead must 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

As the court of appeals has observed:

> The Supreme Court in *Twombly* set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Iqbal*. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

*Burtch v. Milberg Factors, Inc*., 662 F.3d 212, 220-21 (3d Cir. 2011).

In undertaking this task, the court generally relies only on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the

plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also, U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment.") However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien &Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

IV. DISCUSSION

Williams alleges that Winter's investigation regarding the alleged retail theft was both improper and negligent. I construe Williams' claims to be (1) a Fourth Amendment claim; and (2) a negligence claim. Both of William's claims fail and should be dismissed.

### A.  WILLIAMS' FOURTH AMENDMENT CLAIM IS BARRED BY *HECK V. HUMPHREY*

Because Winter, a police officer, is a state actor and Williams alleges a constitutional violation, I construe Williams' claim of an "improper" investigation to be under the Fourth Amendment brought pursuant to 42 U.S.C. § 1983.

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). "It is well settled that § 1983 does not confer any substantive rights, but merely 'provides a method for vindicating federal rights elsewhere conferred.'" *Williams v. Pennsylvania Human Relations Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) (quoting *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 104 (3d Cir. 2014)). To establish a claim under Section 1983, Williams must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

However, *Heck v. Humphrey* bars Williams' claim. In *Heck v. Humphrey*, the Supreme Court held that a plaintiff may not recover damages under Section 1983 if doing so would necessarily invalidate the plaintiff's prior conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Specifically, the Supreme Court stated that:

> the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has been so invalidated is not cognizable under § 1983.

*Id.*

Thus, an individual alleging an unlawful conviction or term of imprisonment must first receive a favorable termination of his criminal conviction or sentence before proceeding with a Section 1983 claim. *Williams v. Consovoy*, 453 F.3d 173, 177 (3rd Cir. 2006); *Thompson v. Pa Bd. Probation & Parole*, 777 Fed.Appx. 589, 590 (3rd Cir. 2019).

I find that Williams' unlawful arrest claim is barred by *Heck's* favorable termination rule. Williams has not proven that his conviction or sentence has been overturned on appeal. In fact, the record shows that he pled Guilty to Conspiracy to Commit Retail Theft. A PCRA Petition was filed, but his conviction has not been overturned (*see* f.n. 4 *supra*) and according to the docket, no appeal was filed. Nothing in Williams' Complaint or the public records regarding his criminal case

shows a favorable disposition because his conviction still stands. Thus, Williams' Fourth Amendment claim is *Heck*-barred and should be dismissed.

### B. QUALIFIED IMMUNITY AND WILLIAMS' SECTION 1983 CLAIM

I also address Winter's qualified immunity to Williams' Section 1983 claim.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate 'clearly established' statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "[Q]ualified immunity is coextensive for suits brought against state officials under 42 U.S.C. § 1983 . . . and for suits brought directly under the Constitution against federal officials." *People of Three Mile Island v. Nuclear Regulatory Comm'rs*, 747 F.2d 139, 144 n. 9 (3d Cir. 1984) (citing *Butz v. Economous*, 438 U.S. 478, 504 (1978)).

The qualified immunity analysis has two prongs. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The initial inquiry of a qualified immunity analysis is whether the facts that the plaintiff has alleged make out a violation of a constitutional right. *Id.* "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end and the officer is entitled to immunity. *Bennet v. Murphy*, 274 F.3d 133, 136 (3d Cir. 2002).

The second prong is whether the right was clearly established. *Saucier*, 533 U.S. at 201. "The inquiry focuses on the state of the relevant law when the violation allegedly occurred." *Williams v. Secretary PA Dept. of Corrections*, 848 F.3d 549, 570 (3d Cir. 2017). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Saucier*, 533 U.S. at 202.

My inquiry ends with the first prong of the qualified immunity analysis. As stated above, Williams fails to demonstrate that Winter violated one of Williams' constitutional rights. Thus, the qualified immunity inquiry ends there. Winter is entitled to qualified immunity from Williams' Section 1983 claim.

### C. WILLIAMS' NEGLIGENCE CLAIM FAILS

Williams also alleges that Winter was negligent in conducting his investigation into the retail theft. This claim fails and should be dismissed based on sovereign immunity.

Regarding sovereign immunity, this Court has previously stated:

> Under the Pennsylvania Political Subdivision Tort Claims Act ("PPSTCA"), police officers are immune from state tort liability for acts within the scope of their employment except when the alleged conduct involves "a crime, actual fraud, actual malice or willful misconduct." 42 PA. CONST. STAT. § 8550. Willful misconduct has been defined as "conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow." *Horton v. City of Harrisburg*, No. 1:06-CV-2338, 2009 WL 2225386 at *6 (M.D. Pa. 2009) (quoting *Renk v. City of Pittsburgh*, 537

Pa. 68, 641 A.2d 289, 293 (Pa. 1994)) (quotations omitted). Essentially, willful conduct is "synonymous with the term 'intentional tort.'" *Id.*

*Brumell v. City of Harrisburg*, No. 1:09-CV-01816, 2010 WL 3896382, *3 (M.D. Pa. Sept. 30, 2010) (footnotes omitted). To rise to the level of willful misconduct, a police officer must intend to commit the intentional tort. *Renk*, 537 Pa. at 76-77.

The PPSTCA is subject to eight exceptions. These eight categories are:

1. vehicle liability;
2. care, custody or control of personal property;
3. real property;
4. trees, traffic controls and street lighting;
5. utility service facilities;
6. streets;
7. sidewalks; and
8. care, custody, or control of animals

42 Pa. Cons. Stat. § 8542(b).

Williams does not allege that Winter committed a crime, actual fraud, actual malice or willful misconduct, nor does he allege that Winter intended to bring about some harm to him based on the investigation and arrest. Further, Williams' claims do not fall within any exception to immunity under the PPSTCA. Williams' claim for negligence faces a further challenge in that he fails to demonstrate what harm was done to him. As discussed above, Williams is unable to show that he was subject to an unlawful arrest. I again note that Williams pled guilty to the offense for which Winter arrested him. Thus, Winter is not subject to liability for Williams' negligence claim. Williams' claim of negligence should be dismissed.

V. LEAVE TO AMEND

"[I]f a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Here, permitting amendment would be futile. Williams' Section 1983 claim is barred by *Heck v. Humphrey* and Winter's qualified immunity. Williams' negligence claim is barred by the narrow scope of the PPSTCA. Further, Williams was already provided an opportunity to amend his complaint and failed to do so. Thus, I will not grant Williams leave to amend his Complaint.

VI. CONCLUSION

Based on the foregoing, Winter's Motion to Dismiss (Doc. 20) is GRANTED as follows:

1. Williams' Section 1983 claim under the Fourth Amendment against Winter is DISMISSED without leave to amend;

2. Williams' claim for negligence against Winter is DISMISSED without leave to amend;

3. An appropriate order will follow.

Date: April 28, 2020                    BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge